**Kazi Zakaria SHARIF, a.k.a. Abul Khair, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70671.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

Robert Richeda, Law Office of Robert Richeda, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jennifer A. Parker Fax, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Kazi Zakaria Sharif, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ's") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding because the BIA identified material inconsistencies between Sharif's declaration, his supporting documentation and the hearing testimony that go to the heart of his asylum claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

Sharif abandoned his claims for withholding of removal and relief under CAT by failing to raise them in his opening

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

We reject Sharif's contention that translation problems and disruptions by the government's counsel violated his due process right to a fair hearing because Sharif has failed to show prejudice. *See Cuadras v. INS*, 910 F.2d 567, 573, (9th Cir.1990).

PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.